870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Lee JOHNSON, Defendant-Appellant.
 No. 88-5135.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 10, 1989.
Decided March 7, 1989.
 
 John F. McGarvey for appellant.
 Henry E. Hudson, United States Attorney, David T. Maguire (Office of the United States Attorney), for appellee.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judge.
 PER CURIAM:
 
 
 1
 Herbert Lee Johnson was convicted of two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. Secs. 922(g) and 924. The first count of the indictment charged Johnson with possession of a firearm on March 26, 1987. The second count charged him with possession of two different weapons on October 29, 1987. Prior to trial Johnson moved to sever the two counts on the grounds that a joint trial would prejudice his right to a fair trial. The district court denied the motion. The only issue raised in this appeal is whether the district court abused its discretion in denying severance. We find no abuse of discretion and affirm.
 
 
 2
 Federal Rule of Criminal Procedure 8(a) permits the joinder in the same indictment of two or more offenses if the offenses "are of the same or similar character."[1] The two firearm offenses, therefore, were properly joined in the indictment under this rule. Even though joinder was proper, the district court, in exercise of its discretion, may order separate trials on the offenses under Fed.R.Crim.P. 14.[2] In United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir.1977) we noted that "[i]n ruling on a motion for severance, the trial court is vested with discretion; it must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process." An appeal from a ruling declining to exercise this discretionary power "will be overturned only for clear abuse affecting substantial rights of the accused." Id.
 
 
 3
 Johnson contends that his substantial rights have been violated and that he has been prejudiced by the joinder because the second count involved an issue of constructive possession, with his intent being a crucial issue. Johnson argues, therefore, that the jury was tainted by Johnson's apparent predisposition to carry handguns in its consideration of the second count. Because of the likelihood of this taint the district court, in Johnson's view, abused its discretion by denying severance.
 
 
 4
 We disagree. We cannot conclude, on this record, that failure to sever the counts was an abuse of discretion. Johnson's arguments might have more appeal if the evidence directed to the second count had been less substantial. The evidence, as it related to each count, however, was strong, distinct, and uncomplicated. The evidence offered to prove the first count presented a clear credibility determination for the jury. The Government's evidence consisted of a police officer's testimony that Johnson took the firearm from under his sweater and tossed it away. In his defense Johnson presented a witness who testified that on the night in question he, and not Johnson, had the revolver. The jury clearly resolved this credibility determination in the Government's favor.
 
 
 5
 The second count of the indictment charged a firearm possession occurring over seven months after the first count, and involving different weapons. The evidence as to the second count showed that a vehicle in which Johnson was one of three occupants was stopped by a marked police car. The officer ordered the three occupants to put their hands on the steering wheel, dashboard, and back of the seats, respectively. Johnson, who was in the front passenger seat, kept his hands down between his legs. Johnson did not raise his hands until being ordered to do so two or three times. A subsequent search of the vehicle revealed two 9mm firearms under Johnson's seat. Additionally, Johnson was carrying one round of ammunition that would have fired in either weapon. None of the other occupants carried any ammunition.
 
 
 6
 Although Johnson's defense on this count consisted of the back seat occupant testifying that the firearms belonged to him and the driver, the jury rejected this testimony and returned a guilty verdict after being given a constructive possession charge. Finally, a factor strongly mitigating any potential prejudicial effect of the joinder was the trial count's instruction to the jury to consider each of the charges separately, and that a verdict of guilty on one charge did not mean that Johnson was guilty of the other charge. There is no reason to believe that the jury failed to follow the instructions in this case.
 
 
 7
 Accordingly, we find no abuse of discretion in the joinder of the offenses and affirm the convictions. Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, we dispense with it. Fed.R.App.P. 34(a)(3).
 
 
 8
 AFFIRMED.
 
 
 9
 .............................................................
 
 
 10
 ...................
 
 
 11
 * * *
 
 
 
 [1]
 Rule 8(a) provides:
 (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same character or are based on the same act or transactions or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
 
 
 [2]
 Rule 14 provides in pertinent part:
 If it appears that a defendant ... is prejudiced by a joinder of offenses ... in an indictment ... or by such joinder for trial together, the court may order an election or separate trials of counts,